**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 00-105** |
| **CRAIG BALDWIN** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court is Defendant-movant Craig Baldwin's ("Petitioner") "Motion to Correct Sentence under 28 U.S.C. § 2255 Pursuant to *Johnson*." Rec. Doc. 128. The Government timely filed a response memorandum. Rec. Doc. 142. Petitioner Baldwin then filed a reply memorandum. Rec. Doc. 143. For the reasons discussed below,

**IT IS ORDERED** that the Motion to Correct Sentence (Rec. Doc. 128) is **DENIED.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 10, 2000, Craig Baldwin ("Petitioner") pled guilty to count two of an indictment charging him with possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Rec. Doc. 41. On October 25, 2000, Petitioner was sentenced to 262 months imprisonment. Rec. Doc. 41. Petitioner's sentencing took place when the United States Sentencing Guidelines were still mandatory.[1] Petitioner Baldwin was subject to an enhancement under Guidelines

---

[1] The United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the federal Sentencing Guidelines advisory as opposed to their previously mandatory status.

1

§§ 4B1.1 and 4B1.2 because he was considered a career offender. Rec. Doc. 128 at 1. Specifically, the Court determined that Petitioner's instant offense qualified as a "crime of violence" or "controlled substance offense" and that he had at least two qualifying prior convictions to support the enhancement. *Id.* Petitioner's previous conviction for armed robbery in violation of Louisiana law constituted a "crime of violence"; while his previous conviction for possession with intent to distribute cocaine constituted a "controlled substance offense." *Id.* at 3; *see also* Rec. Doc. 128 at 2.

On June 26, 2015, the United States Supreme Court held in *Johnson v. United States* that the "residual clause" of the Armed Career Criminal Act of 1984 ("ACCA," 18 U.S.C. § 924(e)(2)(B)(ii)), providing that a "violent felony" includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). The rule in *Johnson* was made retroactive on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Federal Sentencing Guidelines (the "Guidelines") relied upon by the sentencing court in Petitioner's case contain an identical residual clause. The 1995 version, which were in effect when Petitioner was sentenced in 2000, provided that:

2

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a <u>crime of violence</u> or a controlled substance offense.

U.S.S.G. § 4B1.1 (emphasis added). In turn, "crime of violence" was defined to include:

> [A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

U.S.S.G. § 4B1.2(1) (emphasis added).

Accordingly, on June 24, 2016, Petitioner filed the instant motion to correct his sentence under 28 U.S.C. § 2255. Rec. Doc. 128. On August 4, 2016, Petitioner's motion was held in abeyance pending the Supreme Court's decision in *Beckles v. United States*. Rec. Doc. 131. On March 6, 2017, the Supreme Court in *Beckles v. U.S.* held that the <u>advisory</u> Guidelines are not subject to vagueness challenges.[2] 137 S. Ct. 890 (2017). It reasoned that, "[u]nlike the ACCA . . . the <u>advisory</u> Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within

---

[2] The Court considered the 2006 version of the Guidelines, which are identical to the 1996 version at issue, save for the fact that the subsequent version refers to § 4B1.2(a)(2), rather than 4B1.2(1)(ii).

3

the statutory range." *Id.* at 892 (emphasis added). The Court further noted that the advisory guidelines do not implicate the two "concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894.[3] In other words, because the Court rendered the Guidelines "effectively advisory" in *Booker*, "the Guidelines are not amenable to a vagueness challenge." *Id.* at 894. In her concurring opinion, Justice Sotomayor made the following observation:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*]—that is, during the period in which the Guidelines *did* "fix the permissible range of sentences," *ante*, at 892—may mount vagueness attacks on their sentences. <u>That question is not presented by this case and I, like the majority, take no position on its appropriate resolution</u>.

*Id.* at 903 n.4 (emphasis added).

Petitioner was given until May 15, 2017 to file supplemental briefing regarding *Beckles*. Rec. Doc. 136. A memorandum was timely filed (Rec. Doc. 137); the Government filed a response memorandum on June 14, 2017 (Rec. Doc. 142) and Petitioner filed a reply memorandum on July 14, 2017 (Rec. Doc. 143).

---

[3] As to notice, "even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence." *Id.* (citations omitted). As to enforcement, the advisory Guidelines "do not regulate the public"; instead, they are relied on "merely for advice . . . ." *Id.* at 895.

**PARTIES' CONTENTIONS**

Petitioner argues that after Johnson he is "no longer a career offender because his prior conviction for the crime of armed robbery no longer qualifies as a 'crime of violence' under any definition of a crime of violence as set forth in U.S.S.G. § 4B1.2(a)." Rec. Doc. 128 at 5.

The Government responds that "[n]either the Supreme Court nor the Fifth Circuit has decided whether *Johnson* applies to sentences that were enhanced under the residual clause in § 4B1.2 when the Guidelines were mandatory," and therefore, his petition is untimely under 28 U.S.C. § 2255(f). Rec. Doc. 142 at 3.

The Government further argues that because he did not appeal his sentence Petitioner's claims are procedurally barred, "unless he can establish both cause for the procedural default and actual prejudice resulting from any error." *Id*. 142 at 5.

Finally, the Government also contends that Petitioner's argument is "meritless because his previous convictions qualify as predicate offenses for purposes of the career offender enhancement." *Id*. 142 at 7.

**LAW AND ANALYSIS**

**Untimeliness**

Pursuant to § 2255(f), Petitioner's motion is subject to a one-year statute of limitation that runs from the latest of:

5

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

Petitioner claims that his motion was timely filed under subsection (3), "because he filed it within one year of *Johnson*—a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" Rec. Doc. 137 at 18.

The Government responds that *Johnson* announced a new constitutional rule made retroactive by the Supreme Court in *Welch*, but that, "as the Fifth Circuit recognized in a pre-*Beckles* case, the rule announced in *Johnson* did not address the residual clause in § 4B1.2." Rec. Doc. 142 at 4 (citing *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016)).

In *Arnick*, the Fifth Circuit explained that

*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increase a statutory penalty . . . .

6

> Further, even if *Johnson* does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review.

826 F.3d at 788.

The Government also cites to several post-*Beckles* cases in which district courts "concluded that . . . *Johnson* was limited to the ACCA" and that "pre-*Booker* defendants who raised claims based on *Johnson*'s applicability to the Guidelines failed to demonstrate timeliness under § 2255(f)(3)." *Id.* (citing *United States v. Walker*, No. 09-825, 2017 WL 2225123, at *1 (D.S.C. May 22, 2017); *Hodges v. United States*, No. 16-1521, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017); *United States v. Russo*, No. 03-413, 2017 WL 1533380, at *4 (D. Neb. Apr. 27, 2017)).[4]

In his reply memorandum, Petitioner argues that he is relying on the rule in *Johnson*, not some extension thereof. Rec. Doc. 143 at 1-2. He attempts to distinguish *Arnick* by noting that the case concerned a <u>successive</u> § 2255 motion. *Id.* at 3. Petitioner insists that the distinction is significant because "while both initial and success[ive] petitions require a right newly-recognized by the Supreme Court, only *successive* petitions must meet an additional requirement—that that right have been 'made' retroactive on collateral review '*by the Supreme Court*.'" *Id.* at 4 (citing 28 U.S.C. § 2255(h)(2)).

---

[4] Only the last case cited by the Government, *Russo*, involved a petitioner sentenced under the <u>mandatory</u> Guidelines in effect before *Booker*.

7

*Johnson* and *Welch* established that a prisoner may collaterally attack his or her sentence if it was imposed pursuant to the unconstitutionally vague residual clause of § 924(e)(2)(B) of the ACCA. They "did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." *Russo*, 2017 WL 1533380, at *3. The Fifth Circuit explicitly stated that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *Arnick*, 826 F.3d at 788. Contrary to Petitioner's assertion that "*Beckles* confirms that *Johnson* applies to the mandatory Guidelines' residual clause" (Rec. Doc. 143 at 3), the Supreme Court in *Beckles* essentially avoided the issue by holding only that the advisory Guidelines are not subject to vagueness challenges. As recently as June 15, 2017, the Fifth Circuit confirmed that the *Beckles* "Court declined to extend *Johnson* to guidelines determinations and instead held, 'Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness.'" *United States v. Romero-Borego*, No. 16-41438, 2017 WL 2608715, at *1 (5th Cir. June 15, 2017) (quoting *Beckles*, 137 S. Ct. at 897).

Petitioner essentially requests for this Court to extend *Johnson*. However, § 2255(f)(3) requires a right "<u>newly recognized by the Supreme Court</u>," not this Court. *Russo*, 2017 WL 1533380, at *3 (quoting *United States v. Mason*, No. 10-80, 2016 WL 6803098, at

8

*4 (E.D. Wash. Nov. 16, 2016) (refusing to extend *Johnson* to the Guidelines)) (citing *United States v. Kenney*, No. 92-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016)).

Petitioner's argument that *Arnick* is distinguishable, simply because it considered a successive petition and § 2255(h) requires that such petitions be based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," is impotent. First, the Fifth Circuit merely noted that, "even if" *Johnson* did implicate the Guidelines, the Supreme Court had not addressed whether or not the rule applied retroactively. 826 F.3d at 788. This statement does not change the fact that it first found that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *Id.* If *Johnson* did not address the Guidelines, then it could not have announced a new right regarding the Guidelines. Second, in the instant case, the inquiry into whether a "right has been newly recognized by the Supreme Court" under § 2255(f)(3), and the inquiry into whether a successive petition contains "a new rule of constitutional law" under § 2255(h)(2) are not meaningfully different. *See, e.g., Russo*, 2017 WL 1533380, at *4 (citing *Donnell v. United States*, 826 F.3d 1014, 1016-17 (8th Cir. 2016); *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016)).

There is no right "newly recognized by the Supreme Court" that entitles Petitioner to relief. Therefore, Petitioner cannot rely on § 2255(f)(3) to file the instant motion.

**Career Offender**

In addition to the above, Petitioner challenges this Court's classification of his prior conviction of armed robbery. He maintains that his prior armed robbery conviction is insufficient to qualify him for heightened sentencing under the Guidelines. The Guidelines prescribe the requisite definitions for whether or not Petitioner is a career offender. Per the Guidelines, a defendant is a career offender where:

> "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

U.S.S.G. 4B1.1.

As defined in U.S.S.G. § 4B1.2, the term "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that:

i. has as an element the use, attempted use, or threatened use of physical force against the person of another, or
ii. is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C.§ 841(c).

U.S.S.G. 4B1.2(a)(emphasis added).

Prior to his sentencing in October 2000, Petitioner had been previously convicted of two felonies. Those felonies were 1) armed robbery in violation of Louisiana law, and 2) distribution of cocaine and possession with intent to distribute cocaine; both of which were properly applied to the career offender provisions in the Guidelines.

Louisiana defines armed robbery as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, **by use of force or intimidation**, while armed with a dangerous weapon. La. Stat. Ann. § 14:64 (emphasis added). The instant controversy—whether or not robbery qualifies as a violent felony—has already been disposed of by the Fifth Circuit Court of Appeals.

In *United States v. Brown*, the defendant pleaded guilty to possession of a firearm as a convicted felon. 437 F.3d 450, 451 (5th Cir. 2006). Brown stipulated, as part of his plea agreement, that he had previously been convicted of two counts of simple robbery and one count of cocaine possession. *Id*. On appeal, Brown contested his sentence claiming that the prior robbery convictions did not qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). *Id*. at 451-52. However, the Fifth Circuit upheld the district court's sentence finding

11

that "the Louisiana crime of simple robbery qualifies as a violent felony under the ACCA as a matter of law." *Id*. at 453. "Under Louisiana law, simple robbery is a crime of violence, and a crime of violence necessarily entails the use or threatened use of force. Therefore, simple robbery entails the use or threatened use of force." *Id*. In support of its finding, the Fifth Circuit looked to the Fourth and Ninth Circuits. Both of those circuits have found that where a robbery definition includes the words "by violence or intimidation," it qualifies as a violent felony under the ACCA. *Id.* citing *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995); *United States v. Melton*, 344 F.3d 1021 (9th Cir. 2003).

More recently, in *United States v. Richardson*, the Fifth Circuit Court of Appeals found a Defendant's argument accusing the district court of error in enhancing his sentence based on his classification as a career offender under the Guidelines to be "without merit." 672 F. App'x 368 (5th Cir. 2016). The defendant in *Richardson* had two prior armed robbery convictions in Louisiana, as well as one conviction for simple robbery, "all three of which qualify as crime of violence under the use of force clause of § 4B1.2." *Id*. at 372.

Analogously, this Court is compelled to arrive at no other result than to conclude that Petitioner's prior conviction of

12

armed robbery in violation of Louisiana law qualifies as a crime of violence within the definition of the force clause of § 4B1.2. Conclusively, Petitioner (1) was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) Petitioner Baldwin has at least two prior felony convictions of either a <u>crime of violence</u> or a controlled substance offense. As a result, he was properly classified as a career offender for sentencing purposes. Petitioner's arguments requesting that this Court depart from Fifth Circuit precedent, as well as clear statutory language in the Guidelines is unavailing.

The Motion to Correct Sentence (Rec. Doc. 128) is DENIED.

New Orleans, Louisiana, this 30th day of August, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE